SUPERIOR COURT OF BUFFALO.   May Criminal Term, 1858.   *George W. Clinton*, Justice, presiding.

### THE PEOPLE *v.* JOHN H. OSMER.

It is no defence to an indictment for forgery, in which the prisoner was charged, under 2 R. S., 672, § 30, with having made and engraved a plate in the form and similitude of a promissory note, issued by an incorporated bank, without the authority of such bank, that the lettering and vignettes of such plate were different from those of the genuine plate. Pictures, ornaments and devices form no part of the contract impressed upon the plate. Exact similitude is not required, even in the operative words of the instrument. It is enough that there be a sufficient resemblance, in connection with the other evidence, to satisfy the jury that the plate was intended to be used in striking off false bills, to be imposed on the public as true ones.

THE prisoner was indicted under 2 *Revised Statutes*, 672, section 30, for having "made and engraved a plate, in the form and similitude of a promissory note for five dollars," issued by the Marine Bank, a bank incorporated by the State of Rhode Island, "without the authority of said bank."

On behalf of the People, it was proved that the prisoner had procured an engraver to engrave on a steel plate, which had already engraved thereon vignettes at the side and top, the following words and letters, in the places they would have occupied in a genuine plate of a five dollar bill of The Marine Bank, viz.: " The Marine Bank," "Five Dollars," "Providence, R. I.," "A." A genuine five dollar bill of the bank was produced. In it the lettering of these words differed, in respect of shading and other slight particulars, from that of the false plate. In the genuine bill, too, "Rhode Island" was printed in full. The vignettes of the genuine bill were entirely different from those of the plate. The existence of the bank at the time these words and letters were engraved without its authority was admitted.

For the prisoner, it was contended that the plate, so far as finished, "must resemble and conform to" the similar parts of the genuine bank bill, and that the total dissimilitude of the

The People *v.* Osmer.

vignettes was fatal, and that, if otherwise, the difference in the shading, &c., of the words and letters, was fatal. He therefore moved the court to direct the jury to acquit the prisoner.

*James M. Humphrey* (District Attorney), for the People.

*Perry G. Parker*, for the prisoner.

The decision of the court was substantially as follows:

CLINTON, J. If the position of the prisoner's counsel is correct, the statute, so far as it seeks to punish the forgery of bank plates, is a nullity. By making the false plate vary from the true in some unimportant matter of ornament, the making of false plates, impressions from which might be freely passed, would be innocent, while the uttering of the impressions would be criminal. This position is, however, erroneous. The sections in question are carefully drawn, and it is, perhaps, only to be regretted that they were not so drawn as clearly to include all plates in imitation of bank bills, &c., whether the bank named in the plate exists or not. The mistake of the counsel is in supposing that the crime consists in making a plate in imitation of a genuine bank plate, while the statute (§ 30) expressly defines it to be the false making of "any plate in the form or similitude of any promissory note, bill of exchange, draft, check, certificate of deposit, or other evidence of debt, issued by any incorporated bank." The next section (§ 31) declares that "every plate specified in the last section shall be deemed to be in the form and similitude of the genuine *instrument* imitated, in either of the following cases: 1. When the engraving on such plate resembles and conforms to such parts of the genuine *instrument* imitated as are engraved; or, 2. When such plate shall be partly finished, and the part so finished resembles and conforms to the similar parts of the genuine *instrument*." The word *instrument*, wherever it occurs in section 31, is used as inclusive of the several kinds of instrument named in section 30. The bill of exchange, or pro-

missory note, or check, &c., in the eye of the law, consists, as an instrument, only in the words and figures which, if imprinted by the authority of the bank, would make it binding upon the bank as a contract. Hence, it has been uniformly held, in this State, that, in an indictment for forging a promissory note, whether of a bank or a natural person, it is unnecessary to describe or imitate the pictures or devices put upon it, in imitation of those used in the genuine note for ornament or distinction. Such pictures, ornaments and devices, though they form parts, and often very important parts of a bank plate, are no part of the instrument or contract impressed by the plate.

The operative words engraved on the plate, or finished part of the plate, must, indeed, "resemble and conform to the similar parts of the genuine instrument;" but this resemblance and conformity is not exact similitude of appearance and position. Here the words engraved on the false plate conform in position to those in the genuine bill, and resemble them sufficiently, in connection with the other evidence, to raise the question for the jury whether the plate was intended, when finished, to be used in striking off false bills, to be imposed on the public as true ones. The motion must be denied.

The jury, without leaving their seats, found the prisoner guilty, and he was sentenced to be imprisoned in the State Prison at Auburn for the term of ten years.